.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,
Respondent,
-vs-
JESUS GUILLERMO BUENO-MARTINEZ,
Movant.

NO. CR-08-0137-WFN-36

ORDER

Before the Court is Mr. Bueno's Motion Under 28 U.S.C. § 2255.

**BACKGROUND**

Mr. Bueno was indicted in a multi-defendant case on two counts in a Second Superseding Indictment on December 2, 2008. He pled guilty to possession with intent to distribute 500 grams or more of a substance containing methamphetamine. The conspiracy count was dismissed at the time of sentencing. He was sentenced to 210 months imprisonment with lifetime supervised release. Mr. Bueno appealed the Court's denial of his Motion to Suppress pursuant to his conditional plea. The Ninth Circuit affirmed. Mr. Bueno now alleges ineffective assistance of counsel associated with the suppression hearing.

**DISCUSSION**

Mr. Bueno alleges his trial counsel was ineffective because he failed to have the Spanish conversation translated supporting the Motion to Suppress. In order to prevail on his ineffective assistance claims, Mr. Bueno must prove that counsel's performance was deficient and that he was prejudiced by this deficient performance. *United States v.*

*Strickland,* 466 U.S. 668, 687 (1984). Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689 (internal citations omitted). In order to show prejudice, Mr. Bueno must show that but for counsel's errors the results of the proceeding would have been different. *Id.* at 694.

It is plain that Mr. Bueno's allegation of error incorrectly reflects the record and that Mr. Vovos' representation was effective. The record makes it clear that Mr. Vovos did have the Spanish conversations translated, but he determined that admission of the transcripts would add nothing to the Court's evaluation of the evidence. Further, Officer Chavez testified at length as to the content of the conversations. Even if Mr. Vovos' assessment of the usefulness of the transcript was in error, Mr. Bueno does not offer any explanation why the transcripts provide information not elicited through testimony. Therefore, Mr. Bueno cannot demonstrate prejudice.

## IV. CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a Circuit Justice issues a certificate of appealability, finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2004). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right

and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. A certificate of appealability should not be granted unless both components, one directed at the underlying constitutional claims, and the second directed at the court's procedural holding, are satisfied. *Id.*

Based on the Court's preceding analysis, the Court concludes that Mr. Bueno has not made a substantial showing of a denial of a constitutional right. Thus, a certificate of appealability should not issue.

The Court has reviewed the file and the Motion and is fully informed. Accordingly,

**IT IS ORDERED** that Mr. Bueno's Motion Under 28 U.S.C. § 2255, filed August 8, 2013, **ECF No. 2478**, is **DENIED**.

The District Court Executive is directed to:

- File this Order and provide copies to counsel for Mr. Bueno and counsel for the Government;
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; and
- **CLOSE** the corresponding civil file, **CV-12-0523-WFN**.

**DATED** this 25th day of April, 2012.

s/ Wm. Fremming Nielsen
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

04-25-13